William L. Hicks, Appellant, *v.* Mary M. Och and Julia K. Spanitz, Appellees.

Argued January 8, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Ronald M. Katzman,* with him *Goldberg, Evans and Katzman,* for appellant.

*Norman M. Yoffe,* for appellees.

OPINION BY JUDGE WILKINSON, January 30, 1975:

This case is before us on appeal from the Court of Common Pleas of Dauphin County which sustained the position of appellees-plaintiffs in an action to quiet title. The issue is the validity of a tax sale under the provisions of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.101. The lower court, after a trial without a jury, found that the Tax Claim Bureau had failed to comply with the mandatory requirements of Section 602, 72 P.S. §5860.602, with regard to the notice. The court found that there were three deficiencies:

(1) Failure to advertise the property in the name of the owner;

(2) Failure to properly post the premises; and

(3) Perhaps failure to send the registered mail notice to each of the owners by separate mail.

We must affirm, but do so on the basis of the first deficiency, i.e., failing to have the names of the owners in the advertisement. We need not and do not consider the other two deficiencies, nor whether actual notice or actual knowledge by the owner would cure these deficiencies, if any.

Stating the relevant facts very briefly and only with regard to the advertising deficiency, appellees obtained title to the subject property by deed dated April 30, 1969. On September 13, 1971, the Tax Claim Bureau sold the property to appellant for an upset sale price in the amount of the 1969 school taxes, plus interest and costs. These taxes admittedly were unpaid. All other taxes before and since have been paid by the former owners and by the present owners.

It is undisputed that ¡the advertisement of the sale was not in the name of the appellees, the owners, but rather in the name of the previous owner. That this does not meet the requirements of the Act, as candidly admitted by appellant's brief, was unmistakably established by our Supreme Court in *Ross Appeal,* 366 Pa. 100, 76 A. 2d 749 (1950). We agree with the position of the court below when Judge MORGAN stated: "We think that this, in itself, is sufficient to invalidate the sale."

Appellant would overcome this deficiency, asserting that it was cured as to the interest of appellee, Julia K. Spanitz, because she admittedly actually received the registered letter notice, albeit the lower court found that she did not understand what it was, nor did she communicate the fact of its receipt, much less the nature of its contents, to her co-tenant in common.[1]

The mandatory requirements of the content of the advertisement are set forth in elaborate detail in Section

---

1. Appellant, on oral argument and in his brief, now withdraws his claim of ownership of the interest of the co-tenant in common, Mary M. Och.

602 of the Act, 72 P.S. §5860.602. Following these details, the Act provides:

"....

"*In addition to such publications,* similar notice of the sale shall also be given by the bureau, at least ten (10) days before the date of the sale, by United States registered mail, personal addressee only, return receipt requested, postage prepaid, to each owner as defined by this act and by posting on the property." (Emphasis added.)

It is difficult to conceive of any language the Legislature could have used to make its intention any clearer than that both advertisement and registered mail notices are essential. Actual receipt of an improperly addressed registered mail notice may cure the defective mailing. Indeed, actual knowledge may cure the complete absence of the required registered mail notice. However, probably the posted notice and most certainly the advertisement notice are aimed at a far greater range of interested parties than merely the owner to whom the registered mail notice is directed.

The only case cited and relied upon by appellant to support his position that actual notice to the owner makes it unnecessary to meet the requirements of the law as to advertising is *Hess v. Westerwick,* 366 Pa. 90, 76 A. 2d 745 (1950). As we read *Hess,* it is squarely against the position of appellant and supports the lower court's position which we affirm. In *Hess,* the advertising requirements had been met, but the registered mail notice was sent to a former owner rather than to the current owners. The current owners did not have knowledge of the tax delinquency or the impending sale. The court held that the advertisement requirements were quite apart from and in addition to the registered mail notice requirements. Indeed, Justice LADNER stated specifically that the purpose of the advertising was to notify the public in general. Not only does this tend to make the sale "well-at-

194

tended by bidders," but also it informs many people who may be concerned for the welfare of the owners. Such advertising, calling attention to the owners' plight, might prompt these people to take such steps as they may consider appropriate to see to it that the owners' interests are protected. Therefore, since the advertisement requirements of the law admittedly have not been met, the tax sale must fall, and it was appropriate for the court below to enter the order it did, directing the deeds from the Tax Claim Bureau be cancelled upon the payment by appellees to appellant of the amount he paid, plus interest, recording costs, and insurance charges.

Affirmed.