Pleas of Philadelphia County dated March 21, 1994 is hereby reversed.

NEWMAN, J., dissents.

In the Matter of the TAX SALES BY THE TAX CLAIM BUREAU OF DAUPHIN COUNTY, Pennsylvania on September 28, 1992

**Alan Goldstein, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 19, 1994.
Decided Dec. 5, 1994.
Reargument Denied Feb. 6, 1995.

Norman M. Yoffe, for appellant.

William L. Adler, for appellees.

Before PELLEGRINI and KELLEY, JJ., and SILVESTRI, Senior Judge.

**1158** ∎

SILVESTRI, Senior Judge.

Alan Goldstein (purchaser) appeals from the order of the Court of Common Pleas of Dauphin County which set aside the upset tax sale of residential property owned by Anthony Phillips and Janie Phillips (collectively, "Phillips") for delinquent real property taxes.

On September 28, 1992, the Dauphin County Tax Bureau (Bureau) sold the residential property of the Phillips' to satisfy delinquent property taxes in the amount of $3,845.86. The property, located at 402 Columbia Street in Swatara Township, Dauphin County, was sold to purchaser for the sum of $6,062.36. On November 27, 1992, the Phillips' filed timely objections to the sale of the property. By stipulation of all parties, the purchaser was permitted to intervene as a party.

A hearing was held by the trial court during which the Phillips' alleged that the upset tax sale was improper, illegal and contrary to the provisions of the Real Estate Tax Sale Law (Law).[1] Specifically, the Phillips' alleged that Janie Phillips did not receive notice of the sale by first-class mail at least ten (10) days before the date of the sale as required by Section 5860.602(e)(2) of the Law. The record reveals that the Phillips were each sent notice by certified mail and Anthony Phillips received written notice by first-class mail after attempts to notify him by certified mail were not responded to.

The trial court found compelling the Phillips' argument that the Bureau failed to provide Janie Phillips with timely notice of the upset tax sale via first class mail and concluded that Janie Phillips did not have the requisite knowledge of the impending tax sale in sufficient manner to uphold the sale. Thus, by order dated October 28, 1993, the trial court ordered that sale of the residential property be set aside. Purchaser now appeals to this court to reverse the order of the trial court.

On appeal, the sole issue to be determined by this court is whether Janie Phillips received proper, timely notification of the impending tax sale of the Phillips' property as required by the Law. Before the trial court, the Bureau conceded its failure to notify Janie Phillips via first-class mail within ten (10) days prior to the sale, pursuant to Section 602, after notice to her by certified mail was returned unclaimed. However, the Bureau contended such failure did not justify setting aside the sale when Janie Phillips received notice by personal service in accordance with Section 601 and, thus, had actual notice of the impending tax sale.

∎ We first note that our standard of review in tax sale cases is limited to determining whether the trial court abused its discretion, rendered a decision with a lack of supporting evidence, or clearly erred as a matter of law. *Chester County Tax Claim Bureau v. Griffith*, 113 Pa.Commonwealth Ct. 105, 536 A.2d 503 (1988).

∎ Similar to the prior contention of the Bureau, Purchaser now argues that Janie Phillips had actual knowledge of the impending tax sale through personal service upon her of the owner-occupant notice under Section 5860.601(a)(3). Upon our review of the two Sections of the Law in question, we agree with the contention of purchaser.

∎ Section 602, 72 P.S. § 5860.602, concerning notice of sale, provides for three separate methods. These notice requirements consist of publication at least thirty (30) days prior to the sale, notification by certified/first-class mail, and posting of the property at least ten (10) days prior to the sale.[2] Performance of each of these requirements, notice by publication, certified/first-class mail, and posting, are required for a tax sale to be valid. *Geier v. Tax Claim Bureau of Schuylkill County*, 131 Pa.Commonwealth Ct. 321, 570 A.2d 134 (1990), *aff'd*, 527 Pa. 41, 588 A.2d 480 (1991).

With regard to the second method, notification by mail, Section 602 states in relevant part:

(e) [S]imilar notice of the sale shall also be given by the bureau as follows:

---

1. Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101–5860.803.

2. Publication and posting are not at issue and will not be addressed herein.

(1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.

(2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office.

Section 102 of the Law, 72 P.S. § 5860.102, defines "owner" in relevant part as follows:

[T]he person in whose name the property is last registered, if registered according to law, or, if not registered according to law, the person whose name last appears as owner of record on any deed or instrument of conveyance recorded in the county office designated for recording and in all other cases means any person in open, peaceable and notorious possession of the property, as apparent owner or owners thereof, or the reputed owner or owners thereof, in the neighborhood of such property.

Section 601(a)(3), 72 P.S. § 5860.601(a)(3), provides in pertinent part:

(3) No owner-occupied property may be sold unless the bureau has given the owner occupant written notice of such sale at least ten (10) days prior to the date of actual sale by personal service by the sheriff or his deputy or person deputized by the sheriff for this purpose ...

Section 102 defines "owner occupant" as the owner of a property which has improvements constructed thereon and for which the annual

tax bill is mailed to an owner residing at the same address as that of the property.[3]

■ Thus, it is apparent that the legislature intended a differentiation in service requirements between "owners" and "owner occupants" by mandating personal service for "owner occupants" as opposed to notice of sale by certified and first class mail to "owners". Under Section 601, personal service, properly affected, assures notice to the owner occupant of the crucial aspects of the tax sale. Service by certified or first class mail as required by Section 602 does not. It would appear that such a distinction was made because of the legislature's heightened concern for owner occupants being divested of the very property in which they are residing.

■ We now turn to the applicable rules of statutory construction for guidance in ascertaining and construing the legislative intent in an attempt to reconcile and harmonize the ambiguity resulting from the apparent conflict between the two sections of the Law herein at issue, Section 601(a)(3) and Section 602(e)(1) and (2). Section 1921 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921. In so doing, we note that the practical results of a peculiar interpretation may be considered and we must presume that the legislature did not intend a result which is absurd or unreasonable. 1 Pa.C.S. § 1922; *Lehigh Valley Co-Operative Farmers v. Bureau of Employment Security*, 498 Pa. 521, 447 A.2d 948 (1982); *Unionville–Chadds Ford School District v. Rotteveel*, 87 Pa.Commonwealth Ct. 334, 487 A.2d 109 (1985).

In this case, the trial court found that the personal service requirement for "owner occupants" under Section 601 was merely for notice of the sale date and failed to consider the applicability of this Section.[4] Upon consideration of both Sections of the Law which have a common purpose and must be read *in pari materia*, we must disagree. Herein, the evidence clearly demonstrates that Janie Phillips was personally served with notice of the sale of the property.

---

3. The definition of "owner occupant" was added by amendment in 1980.

4. The trial court indicated "the personal notice upon which the Bureau relies was only notice of the sale date." See p. 12 of trial court opinion.

Respondent's Exhibit 4 indicates Janie was personally served at the residence. The notice of the tax sale listed the address of the property, identified Anthony and Janie as owners, included a warning that the property was to be sold for delinquent taxes, approximated the amount of taxes due as $3845.86, and contained warning language of the impending sale advising the Phillips' to contact an attorney, the tax claim bureau or the county lawyer referral service. Such personal service both furthers and fulfills the legislative intent of the notice requirement.

■ In contrast, Section 602(e)(2) requires that when the receipt of certified mail is not returned by an owner, notice shall be given by first-class mail to the owner. However, such provision does not insure that the owner will receive mail notice of the sale. Nonetheless, whether mail notice of the tax sale has been or has not been received by the owner is not material to the validity of the tax sale. Where the bureau has complied with notice requirements of the Law, the fact that notice was not actually received by the persons responsible for paying the delinquent taxes will not defeat the sale. *Kleinberger v. Tax Claim Bureau of Lehigh County,* 64 Pa.Commonwealth Ct. 30, 438 A.2d 1045 (1982); *Curtis Building Co. v. Tunstall,* 21 Pa.Commonwealth Ct. 81, 343 A.2d 389 (1975).

■ Caselaw of this court establishes the presumption that when actual notice is established, formal requirements of notice need not be strictly met. *Casaday v. Clearfield County Tax Claim Bureau,* 156 Pa.Commonwealth Ct. 317, 627 A.2d 257 (1993) [5]; *In re Tax Claim Bureau of Lehigh County 1981 Upset Tax Sale Properties,* 96 Pa.Commonwealth Ct. 452, 507 A.2d 1294 (1986) [6]; *Northrup v. Pennsylvania Game Commission,* 73 Pa.Commonwealth Ct. 389, 458 A.2d 308 (1983).[7] Thus, where an owner

occupant is served with notice pursuant to Section 601(a)(3), the fact that the secondary notice provided for in Section 602(e)(2) is not given, will not vitiate the sale.

Finally, we note that, as indicated by the Supreme Court in *Hess v. Westerwick,* 366 Pa. 90, 98, 76 A.2d 745, 748 (1950), "the purpose of tax sales is not to strip the taxpayer of his property but to insure the collection of taxes." This purpose should not be thwarted where, as here, applicable notice requirements were complied with in such a fashion to afford that Janie Phillips had actual knowledge and due process was served.

Accordingly, on the basis of the foregoing, we reverse the order of the trial court which set aside the tax sale of the residential property owned by the Phillips.

## ORDER

AND NOW, this 5th day of December, 1994, the order of the Court of Common Pleas of Dauphin County is reversed.

---

**5.** In *Casaday,* we held that the lack of formal adherence to the notice requirements of Section 602 does not invalidate a tax sale or compromise the property owners' due process rights.

**6.** In this case, we stated "It is the notice which is indispensable to due process. Whatever mechanism is used, it must be reasonably calculated to apprise the interested parties of the pendency of the action and afford them an opportunity to

present their objections. This is why strict compliance is required.... But to require strict compliance where, as here, owner had notice, in fact is to exalt form over substance, and ignores the purposes of the requirement."

**7.** In *Northrup,* this court determined that even if written notice was insufficient, actual notice rendered any defects of no consequence.