In Re: SALE OF REAL ESTATE
NORTHAMPTON COUNTY
TAX CLAIM BUREAU

Appeal of: Beneficial Consumer
Discount Company.

Commonwealth Court of Pennsylvania.

Argued April 7, 2005.

Decided May 13, 2005.

Michael P. Dignazio, Media, for appellant.

B. Lincoln Treadwell, Jr., Easton, for appellee.

BEFORE: COHN JUBELIRER, Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

Beneficial Consumer Discount Company (Mortgagee) appeals from an order of the Court of Common Pleas of Northampton County (common pleas) denying its Petition to Invalidate a Judicial Tax Sale. Common pleas determined that the North-

ampton County Tax Claim Bureau (Bureau) had failed to readvertise the Judicial Tax Sale in a newspaper at least 30 days prior to the sale as required by Section 612 of the Real Estate Tax Sales Law (Law),[1] but held that this failure was not a denial of due process because Mortgagee had actual notice of the sale date.

Mortgagee held a valid and subsisting mortgage on property located at 733 Center Street, Bethlehem, Northampton County (Property).[2] On September 13, 2003, Bureau exposed the Property at an Upset Tax Sale; however, there were no bids on the Property.

A property that does not sell at an Upset Sale can be sold at a Judicial Tax Sale upon the Bureau filing a petition with common pleas. 72 P.S. § 5860.610. Upon the filing of a petition, common pleas may grant a rule to show cause returnable within 30 days upon all interested parties as to why the property should not be sold, free and clear. *Id.* Service of the rule to show cause is the final required notice to be served on the landowner prior to the Judicial Sale. 72 P.S. § 5860.611; *In re: Serfass,* 651 A.2d 677 (Pa.Cmwlth.1994). At a hearing on the rule to show cause, common pleas can establish a date for the Judicial Sale of the property, and Section 612(b) of the Law sets out the following notice republication requirements for that sale:

(b) When [a petition for judicial sale] is presented within three (3) months after the date of the scheduled upset sale, the court, in its order, shall direct that no further advertisement is required. [However, i]n cases *where said petition is presented after the three (3) month period has expired,* the court shall, in its *order fixing a subsequent sale,* direct that the *readvertisement* of such sale need not be published three (3) consecutive weeks, nor include a list and description of the lands to be sold, but need only be advertised by one (1) insertion in one (1) or two (2) newspapers as hereinbefore provided for such advertisements, *at least thirty (30) days prior to the sale,* and include the purpose, the time, the place and the terms of such sale with a reference to the prior advertisement.

72 P.S. 5860.612(b)(emphasis added). After the expiration of this thirty-day period, the property may be sold at a Judicial Tax Sale, free and clear.

When the Property did not sell at the Upset Sale, the Bureau filed a Petition with Rule Returnable on January 7, 2004, with a return date of February 6, 2004, seeking a Judicial Sale of the property. The Rule Returnable noted that the Judicial Sale of the Property would take place on February 16, 2004. Pursuant to Section 611 of the Law, the Sheriff of Lehigh County served Mortgagee with the Petition and Rule on January 16, 2004 and delivered a copy of the Petition and Rule to an agent of Mortgagee at a local office. Notice of the Judicial Tax Sale for the Property to occur on February 16, 2004 was published on January 13, 2004 in two newspapers of general circulation in Northampton County.

On February 6, 2004, after a hearing on the Petition and Rule Returnable, common pleas entered an order setting February 16, 2004 as the date of the Judicial Tax Sale. While the order did require Bureau to *readvertise* the sale of the property "in accordance with section 612" of the Law,

---

1. Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. § 5860.612.

2. The mortgage was the subject of a foreclosure action in the Court of Common Pleas of Northampton County.

the order also set the date of sale *less than* 30 days from the date of the order. **The Bureau did not readvertise the Judicial Tax Sale.** On February 16, 2004, the Property was exposed at a Judicial Tax Sale and sold to a third-party buyer. Mortgagee did not appear at the hearing or the Judicial Tax Sale.

In March of 2004, Mortgagee petitioned common pleas to invalidate the Judicial Tax Sale, arguing that the Bureau failed to readvertise the sale of the Property after the hearing on February 6, 2004 and failed to wait thirty days after the hearing to commence the sale.

■ In its September 7, 2004 opinion and order, common pleas did find a deviation from the express requirements of the Law, because the Bureau failed to readvertise the Judicial Tax Sale after the hearing that scheduled the date of the sale, and failed to wait the prescribed thirty days after that hearing before conducting the sale.[3] (Trial Ct. Op. at 5.) Common pleas also recognized that "under the language of the statute, the earliest weekday the sale could have occurred after the hearing held on February 6, 2004 was March 8, 2004, rather than February 16, 2004, as happened in this case. This date represents thirty days from the date of the hearing and assumes that advertising appeared on the day immediately after the hearing." (Trial Ct. Op. at 4.) Nevertheless, common pleas found that Mortgagee had actual notice of both the date of the hearing on the Petition for Judicial Sale and the date of the actual sale. Because of such actual notice, common pleas held that Mortgagee's due process rights were not violated and deviation from the advertising requirements was not prejudicial. Mortgagee appealed common pleas' September 7, 2004 order to this Court.[4]

Mortgagee challenges whether its actual notice of a Judicial Tax Sale excused compliance by the Bureau with the republication notice requirements of Section 612 of the Law.

■ Mortgagee argues that a plain reading of Section 612 of the Law, 72 P.S. § 5860.612(b), requires that a Judicial Tax Sale not take place until at least 30 days after: 1) the date of the order entered following the hearing on the Petition and Rule Returnable; and 2) the readvertisement of the Judicial Tax Sale.[5] The Bu-

---

3. The Upset Sale occurred on September 13, 2003 and the Petition seeking a Judicial Sale was filed more than 3 months later on January 7, 2004.

4. "Our standard of review in tax sale cases is limited to determining whether the trial court abused its discretion, rendered a decision with a lack of supporting evidence, or clearly erred as a matter of law." *Matter of Tax Sales by Tax Claim Bureau of Dauphin County*, 651 A.2d 1157 (Pa.Cmwlth.1994), *petition for allowance of appeal denied*, 544 Pa. 650, 664 A.2d 978 (1995).

5. In its brief to this Court, Mortgagee attached three common pleas decisions, each of which invalidated a judicial sale that did not comply with the requirements of Section 612(b) of the Law. *In re: Judicial Sale Tax Claim Bureau of Berks County* (C.P. Berks County 2003, No. 01–8952)(filed April 9, 2003)(invalidating a Judicial Tax Sale because the Tax Claim Bureau did not wait the statutorily prescribed 30 days from the date of the order fixing the sale); *In re: Petition of Venango County* (C.P. Venango County 2001, No. 86–2001)(filed October 2, 2001)(invalidating a Judicial Tax Sale because the Tax Claim Bureau failed to provide Section 612 notice to the interested parties at least 30 days prior to the Judicial Tax Sale); *In Re: Judicial Sale Tax Claim Bureau of Montgomery County (C.P. Montgomery County 2002, No. 01–05288)(filed September 17, 2002)* (invalidating a Judicial Tax Sale because the Tax Claim Bureau did not advertise the Judicial Sale as required by Section 612). Mortgagee argues that the order in the case at bar is contrary to these common pleas decisions and creates non-uniform enforcement of the Law throughout the Commonwealth.

reau, in contrast, claims "[i]t is undisputed that the intent of the statutory notice provisions is to protect due process rights," (Bureau Br. at 7), and that due process is satisfied as long as all of the parties in interest have received actual notice at least 30 days before the Judicial Tax Sale. The Bureau, therefore, frames the issue as whether or not deviation from the express requirements of Section 612 constitutes a *per se* violation of due process where the party alleging the harm receives actual notice by means of Sheriff's service.[6]

The Bureau posits, citing case law regarding Upset Sales, that where there is actual notice of a Judicial Tax Sale, there can be deviation from the formal requirements of the Judicial Tax Sale notice provisions. It also argues that common pleas' order in this case serves, what it considers to be, the purpose of tax sales—to insure the collection of taxes, not to strip owners of their property, citing *Matter of Tax Sales by Tax Claim Bureau of Dauphin County*, 651 A.2d 1157, 1160 (Pa.Cmwlth. 1994), *petition for allowance of appeal denied*, 544 Pa. 650, 664 A.2d 978 (1995).

The Bureau's argument, however, does not take into account the different purposes underlying the various forms of notice required in Upset Tax Sales and Judicial Tax Sales. The statute requires three forms of notice for an Upset Tax Sale (Publication, Posting, and Personal/Mailed Notice) and two for a Judicial Tax Sale (Publication and Personal Service). These different forms of notice are designed to accomplish different purposes.

This Court recently discussed the different purposes underlying the various forms of notice. In *Wells Fargo Bank of Minne-*

*sota, NA v. Tax Claim Bureau of Monroe County,* 817 A.2d 1196 (Pa.Cmwlth.2003)(interpreting the publication requirements found in Section 602 of the Law for Upset Sales), Judge Mirarchi wrote:

> [P]robably the posted notice and most certainly the advertisement notice are aimed at a far greater range of interested parties than merely the owner to whom the registered mail notice is directed.[T]he purpose of the advertising was to notify the public in general. Not only does this tend to make the sale well-attended by bidders, but also it informs many people who may be concerned for the welfare of the owners. Such advertising, calling attention to the owners plight might prompt these people to take such steps as they may consider appropriate to see to it that the owners interests are protected.

*Id.* at 1199 (quoting *Hicks v. Och,* 17 Pa. Cmwlth. 190, 331 A.2d 219, 220 (1975)). Common pleas premised its holding on the notion that "[a]s the primary purpose of advertising in newspapers is to put interested parties on constructive notice of the date of the [Judicial] sale, when actual notice is given, [here, to the Mortgagee], deviation from the advertising requirements is not prejudicial." (Trial Ct. Op. at 7.) However, by viewing Mortgagee as the only interested party, common pleas here limited the interested parties to whom the Section 612 republication notice is directed and did not correctly describe the purpose of such notice. Publication notice is, in fact, aimed at the *public* in general.

Furthermore, this Courts analysis in *In re: Serfass* supports the notion that Mort-

---

**6.** If the statutory procedures for a Judicial Sale had been followed, then Mortgagee would have had 61 days—from January 16, 2004 (date of service of Petition for Judicial Sale and Rule Returnable) to March 17, 2004 (thirty days after publication of date set for Judicial Sale)—to investigate and decide how to pursue the matter, rather than the 30 days it actually had.

gagee was not the only interested party to whom Section 612 republication notice was directed. There, in interpreting Section 612 of the Law, our Court stated, "[s]ignificantly, there is no requirement in the Law that the landowner have actual notice of the date of the judicial sale itself. It is sufficient under Section 611 that he be given notice of the Rule to Show Cause why the property shouldnt be sold by judicial sale under Section 611." *Id.*, 651 A.2d at 679. Therefore, reading the requirements for a Judicial Tax Sale in its entirety, and viewed in light of this Courts analysis in *In re: Serfass,* landowners or mortgagees are not even required to receive notice of the actual date of the Judicial Tax Sale. By logical extension then, the readvertisement publication, which contains the time, place and terms of the sale, is intended for the public at large.

The Bureau argues that due process is not violated by defective personal service or mailed notice, as long as the property owner has actual notice of an Upset Tax Sale. The cases cited for this proposition, however, are not applicable here. *In re: Return of McKean County Tax Claim Bureau of Tax Sale Held on September 11, 1995,* 701 A.2d 283 (Pa.Cmwlth.1997)(finding that signing of the return receipt by a non-owner or reputed owner did not invalidate the upset sale where the owner had actual notice); *Dauphin County,* 651 A.2d 1157 (finding that lack of notice by mail did not invalidate a tax sale when the taxpayer received actual notice through personal service); *In re Tax Claim Bureau of Lehigh County 1981 Upset Tax Sale Properties,* 96 Pa.Cmwlth. 452, 507 A.2d 1294 (1986)(finding that failure to attempt personal service to the owner did not invalidate the upset sale because the owner had actual notice), *petition for allowance of appeal denied,* 514 Pa. 640, 523 A.2d 346 (1987); *Northrup v. Pennsylvania Game Commn.,* 73 Pa.Cmwlth. 389,

458 A.2d 308 (1983)(finding that even if the mailed notice given to the owner was insufficient, all of the interested parties to whom the mailed notice would be directed had received *actual* notice); *Casaday v. Clearfield County Tax Claim Bureau,* 156 Pa.Cmwlth. 317, 627 A.2d 257 (1993)(finding that Tax Claim Bureaus failure to indicate the correct owners name on the otherwise properly executed, posting and publication notices, did not invalidate the upset sale because there was no dispute that the property owner had actual notice). In all of these cases, the interested party received *actual* notice, which excused a defect in either personal service or mailed notice only. The purpose of personal service or mailed notice is specifically to notify an interested party. Because the interested party actually received notice of the sale, the purpose underlying those notices was accomplished, and so the Court excused a defect. These cases do not address publication notice. Consequently, these cases are not analogous to the case at bar.

Here, Mortgagee was not the sole intended recipient of the republication notice, so its actual notice is not dispositive. In fact, the members of the *public* in general were the intended recipients. Moreover, as with an Upset Sale, the notice requirements for Judicial Tax Sales must also be strictly construed. *See Montgomery County Tax Claim Bureau v. Mermelstein Family Trust,* 836 A.2d 1010 (Pa.Cmwlth.2003)(ruling invalid a Judicial Tax Sale where Section 611 service of the Rule to Show Cause was not served upon the record owner).

It appears that the courts have excused noncompliance with the statutory notice requirements of personal service or mailed notice only in the very limited circumstance in which an interested party, to whom the personal service or mailed notice

was directed, had actual notice of the sale. That is not what occurred here. As such, we must reverse common pleas and set aside the Judicial Tax Sale.[7]

### ORDER

**NOW,** May 13, 2005, the Order of the Court of Common Pleas of Northampton County in the above-captioned matter is reversed and the Judicial Tax Sale is set aside.

---

**7.** When questioned during oral argument, the parties did address the question of whether Mortgagee had standing to raise the Bureau's failure to comply with the republication requirements. Because the Bureau did not raise this issue below or on appeal, it is waived. However, we note that there was no dispute that Mortgagee is a member of the general public, who possesses an interest and ability to bid on the property at the Judicial Sale and aid the Bureau in attaining the best possible price for the property.