IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re:  Adams County Tax Claim    :
Bureau                            :
                                  :
Sailors Derek and Maureen         :    No.  1415 C.D. 2017
43006-0093---000                  :
Sale No. 0533                     :    Argued:  September 12, 2018
                                  :
Appeal of: The Howard M. Saperstein  :
Profit Sharing Plan               :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION BY
JUDGE McCULLOUGH                         FILED:  December 13, 2018


        The Howard M. Saperstein Profit Sharing Plan (the Saperstein Plan)

appeals from the September 14, 2017 order of the Court of Common Pleas of Adams

County (trial court) denying its petition to set aside a judicial tax sale of a tract of

land identified as 4 Trout Run Trail and located in Carroll Valley, Adams Township

(Property).  Upon review, we reverse.

        Howard M. Saperstein is the trustee of the Saperstein Plan and has

resided at Delray Beach, Florida as of November 18, 2016.  On June 26, 2014, the

Saperstein Plan, by and through an attorney at Trinity Law (Firm), filed a mortgage

foreclosure complaint against Derek and Maureen Sailors (Sailors).  In this action,

the Saperstein Plan obtained a default judgment and later executed a sheriff's sale

on the judgment, which resulted in the Saperstein Plan acquiring a sheriff's deed and

legal title to the Property on March 31, 2016.  The Saperstein Plan recorded the

sheriff's deed on that same date. Subsequently, the Firm, acting on behalf of the Saperstein Plan, filed an ejectment action against the Sailors. The Sailors filed an objection on October 21, 2016, and asserted that the Saperstein Plan does not own the Property because it was sold to a third party at a judicial sale. The Firm then contacted the Adams County Tax Claim Bureau (Bureau) on November 7, 2016, inquiring into the tax status of the Property. The director of the Tax Services Division of the Bureau informed the Firm that the Property was sold at a judicial sale on September 30, 2016. (Reproduced Record (R.R.) at 1a-9a, 96a, 163a-64a.)

In the interim, the Bureau filed a Petition for Judicial Sale (Petition) on May 20, 2016, in which it alleged that the Sailors were the owners of the Property and owed delinquent taxes in the amount of $32,405.07 for tax years 2009 to 2015. The Bureau asserted that the Property was exposed to an upset tax sale on September 25, 2015; however, the Bureau was unable to obtain bids sufficient to pay the upset price. As such, the Bureau requested that the trial court issue a rule to show cause why a judicial sale should not be had (Rule).[1] (R.R. at 13a-16a, 27a.)

After the Bureau filed the Petition, a title search was prepared on April 3, 2016, and it listed both the Sailors and the Saperstein Plan as the owners. By order dated May 26, 2016, the trial court issued the Rule, which contained three addresses for the Saperstein Plan: a Maryland address; a Boca Raton, Florida address; and a Pennsylvania address located at 145 East Market Street, York, Pennsylvania 17401 (York Address). In attempting service, the Bureau sent the Rule

---

[1] An upset tax sale precedes and is a prerequisite to a judicial sale. Generally speaking, when a property owner is delinquent in paying taxes, an upset tax sale is conducted to recover the "upset price," which is the total sum of the taxes owed plus any tax liens and municipal claims; however, if an individual does not bid the upset price at the upset tax sale, the tax bureau may petition the court of common pleas for permission to sell the property free and clear of all liens in a judicial sale, after which a trial court will issue a rule to show cause upon all interested parties. *See In re Sale No. 10*, 801 A.2d 1280, 1282-85 (Pa. Cmwlth. 2002).

2

by certified mail to the Maryland and Florida addresses, but the correspondence was returned to the Adams County Sheriff's Office as return to sender, attempted not known, unable to forward. On July 7, 2017, the York County Sheriff's Office effectuated personal service of the Rule at the York Address, having handed a copy to a clerk who was employed by the Firm. (R.R. at 27a, 36a; Trial court op. at 6-7; Findings of Fact (F.F.) Nos. 3-6.)

At the end of July and in early August 2017, the Bureau advertised the judicial sale in the Adams County Legal Journal, the Gettysburg Times, and the Hanover Evening Sun (Newspapers). However, in all of these publications, the Sailors were listed as the reputed owners of the Property, despite the fact that the Saperstein Plan had recorded the sheriff's deed on March 31, 2016, and the Bureau's own title search indicated that the Saperstein Plan was an owner of the Property. In addition, none of the Newspapers contained a reference to the previous advertisements that the Bureau published in connection with the upset tax sale held on September 25, 2015. Notably, the Sailors were listed as the reputed owners in those advertisements as well, apparently because, at that point in time, the Sailors maintained legal title to the Property and the Saperstein Plan had not yet recorded the sheriff's deed. (F.F. No. 7; R.R. at 150a-56a.)

Ultimately, the Saperstein Plan did not respond to the Rule. By order dated August 11, 2016, the trial court scheduled a judicial sale of the Property for September 30, 2016. The Property was sold to Jemez, LLC on that date. On November 18, 2016, the Saperstein Plan filed a petition to set aside the judicial sale, in which it alleged lack of notice and/or improper service. (F.F. Nos. 8, 11-12; R.R. at 17a-21a.)

Thereafter, the trial court convened a hearing at which the parties adduced documentary and testimonial evidence and factual stipulations based on the exhibits of record. On September 14, 2017, the trial court denied the petition to set aside. In doing so, the trial court determined, based on the sheriff's return of service, that personal service was valid and successfully accomplished at the York Address, which is the address for the Firm, pursuant to section 611 of the Real Estate Tax Law (Law).[2] (Trial court op. at 8-10 & n.1.) Having arrived at this conclusion, the trial court found that there was "no need to determine whether out of state service by certified mail is improper." *Id.* at 11. The trial court further found that, although the Sailors were listed as the sole owners of the Property in the Petition, this did "not obviate the fact that the record owner of the [P]roperty, [the Saperstein Plan], received the statutorily required notice" and "was personally served with the Rule." *Id.* at 7. Most important for present purposes, the trial court did not address the issue, properly presented and preserved, (*see* R.R. at 179a, 187a), regarding whether the advertisement to the public in the Newspapers complied with the Law.

Before this Court,[3] the Saperstein Plan raises four distinct issues for review, asserting that the trial court erred in failing to set aside the judicial sale because (1) the Petition named the Sailors as the owners of the Property and did not include the Saperstein Plan; (2) the sheriff's personal service of the Rule upon the Saperstein Plan through the Firm at the York Address was an ineffective form of service; (3) the Bureau provided faulty service via the alternative means of mailing as the Rule was sent by certified mail when the Law mandates the use of registered

---

[2] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §5860.611.

[3] Our review of the trial court's denial of a petition is limited to determining whether the trial court abused its discretion, rendered a decision without supporting evidence, or erred as a matter of law. *In Re York County Tax Claim Bureau*, 3 A.3d 765, 767 n.3 (Pa. Cmwlth. 2010).

4

mail; and (4) the Bureau did not properly "readvertise" the judicial sale to the public in accordance with section 612(b) of the Law.

Finding clear and dispositive merit in the fourth issue, the Court need not rule upon the first three.

Concerning the fourth issue, the Saperstein Plan contends that, irrespective of whether personal service was valid, the Newspapers readvertising the judicial sale to the public did not include "a reference to the prior advertisement," *i.e.*, the advertisement for the upset tax sale, as required by section 612(b) of the Law.[4]  The Saperstein Plan argues that if such a reference were made in the readvertisement, the public would have been alerted that the Sailors were designated as the "owners" in the advertisement for the upset tax sale.[5]  In response, the Bureau,

---

[4] 72 P.S. §5860.612(b).  When a trial court is satisfied that service of the rule has been properly made upon the parties named in the rule, the court shall order that the property be sold  at a judicial sale, *see* 72 P.S. §5860.612(a), subject to the advertising, or more appropriately readvertising, requirements of section 612(b), which provides:

> When aforesaid petition for sale is presented within three (3) months after the date of the scheduled upset sale, the court, in its order, shall direct that no further advertisement is required.  In cases where said petition is presented after the three (3) month period has expired, the court shall, in its order fixing a subsequent sale, direct that the readvertisement of such sale need not be published three (3) consecutive weeks, nor include a list and description of the lands to be sold, but need only be advertised by one (1) insertion in one (1) or two (2) newspapers as hereinbefore provided for such advertisements, at least thirty (30) days prior to the sale, and include the purpose, the time, the place and the terms of such sale **with a reference to the prior advertisement**.

72 P.S. §5860.612(b) (emphasis added).

[5] The "prior advertisement" language in section 612(b) refers to section 602(a) of the Law, which governs public notice in an upset tax sale.  This section states:

5

without directly addressing the issue of whether the Newspapers adequately "referenced" the advertisement in the upset tax sale, asserts that the advertisements in the upset tax sale correctly listed the Sailors as the owners because the upset tax sale was conducted on September 25, 2015, and the Saperstein Plan did not become official title owner of the Property until March 31, 2016.

At the outset, we note that the burden of proof is on the tax claim bureau to prove compliance with the notice requirements of the Law. *FS Partners v. York County Tax Claim Bureau*, 132 A.3d 577, 581 (Pa. Cmwlth. 2016). Section 612(b) of the Law governs published notice to the public in a judicial sale. *See In re Sale of Real Estate Northampton County Tax Claim Bureau*, 874 A.2d 697, 700-01 (Pa. Cmwlth. 2005). The requisites of published notice are intended to provide information to the public in general and, thus, defective published notice cannot be cured, remedied, or otherwise excused by proper personal notice or service. *See id.* at 701 ("[T]he readvertisement publication, which contains the time, place and terms of the sale, is intended for the public at large."); *Basehore v. Dauphin County Tax Claim Bureau*, 480 A.2d 1313, 1315 (Pa. Cmwlth. 1984) ("[T]he requirements of published notice serve a purpose different from notice mailed to the property owner,

---

> At least thirty (30) days prior to any scheduled sale the bureau shall give notice thereof, not less than once in two (2) newspapers of general circulation in the county, if so many are published therein, and once in the legal journal, if any, designated by the court for the publication of legal notices. Such notice shall set forth (1) the purposes of such sale, (2) the time of such sale, (3) the place of such sale, (4) the terms of the sale including the approximate upset price, (5) the descriptions of the properties to be sold as stated in the claims entered **and the name of the owner**.

72 P.S. §5860.602(a) (emphasis added).

and defective published notice is not cured by proper personal notice."); *Hicks v. Och*, 331 A.2d 219, 220 (Pa. Cmwlth. 1975).

Pursuant to section 612(b) of the Law, a readvertisement for a judicial sale "shall . . . include the purpose, the time, the place and the terms of such sale **with a reference to the prior advertisement**" in the upset tax sale. 72 P.S. §5860.612(b) (emphasis added). As is the case with most of the notice obligations in the Law, the Bureau must strictly comply with the readvertisement requirements of section 612(b) of the Law, or else the judicial sale will be set aside. *See In re Sale of Real Estate Northampton County Tax Claim Bureau*, 874 A.2d at 701 (addressing the republication notice requirements of section 612(b) of the Law and concluding that they "must [] be strictly construed.");[6] *see also Aldhelm, Inc. v. Schuylkill County Tax Claim Bureau*, 879 A.2d 400, 403 (Pa. Cmwlth. 2005).

Here, a review of the Newspapers confirms that they did not contain any kind of explicit or overt "reference" to the published advertisement of or with respect to the upset tax sale. (*See* R.R. at 150a-56a.) Standing alone, this deficiency warrants setting aside the judicial sale under the sanctuary of the settled principle that the published notice provisions of the Law demand strict compliance. 874 A.2d 697 at 701. However, rather than marking our denouement here, the Court briefly comments on why this error cannot be considered a mere technicality and we attempt to explain how the peculiar circumstances of this case highlight why a "reference" in a judicial sale readvertisement to the upset sale advertisement makes pragmatic sense in the eyes of a reasonable purchaser.

---

[6] In *Northampton County Tax Claim Bureau*, this Court set aside a judicial sale where the procedure in section 612(b) of the Law was not strictly complied with, *i.e.*, the trial court set the date of the judicial sale less than 30 days from the date of its order and the tax claim bureau failed to readvertise the judicial sale.

Initially, although section 612(b) of the Law does not dictate that a readvertisement in a judicial sale contain the correct name of the owner, the Newspapers listed the Sailors as the owners of the Property at a time when they were not. Regardless, had the Newspapers referenced the advertisement in the upset tax sale, a potential purchaser in the judicial tax sale would have discovered in that advertisement that the Sailors were denoted as the owners of the Property, albeit in a time frame in which they were. Either way, or both ways, a potential purchaser performing a title search and due diligence in preparation for a judicial sale would have located the sheriff's deed and obtained information to believe that the Saperstein Plan is the current owner of the Property. *Poffenberger v. Goldstein*, 776 A.2d 1037, 1042 (Pa. Cmwlth. 2001) ("The recording of a deed serves to provide public notice in whom the title resides.").

At this juncture, the reasonable purchaser in the judicial sale would have conflicting information concerning the identity of the Property's owner. On one hand, a property owner does not possess a legal duty to provide a tax claim bureau with a change of address, *see Smith v. Tax Claim Bureau of Pike County*, 834 A.2d 1247, 1251 (Pa. Cmwlth. 2003), and if the advertisement in the upset tax sale erroneously used the name of a former owner, rather than the current owner, a court could conceivably declare the sale void. *See Hicks*, 331 A.2d at 220-21; *accord Wells Fargo Bank of Minnesota v. Tax Claim Bureau of Monroe County*, 817 A.2d 1196, 1199 (Pa. Cmwlth. 2003). At the very least, the cloud of uncertainty surrounding the Property's ownership would most likely provide a potential purchaser with reason to assess the risk of buying the Property, taking into consideration such factors as the probability of a quiet title action, the status, finality, and prospect of further litigation in the ejectment action, and the feasibility of

8

completing the steps necessary to be deemed a bona fide purchaser under the law. *See Poffenberger*, 776 A.2d at 1042 (stating that a bona fide purchaser "must pay valuable consideration, have no notice of the outstanding rights of others, and act in good faith.").

All said, the "reference to the prior advertisement" requirement of section 612(b) of the Law is aimed toward the public and the provision has practical utility in that it supplies a potential purchaser with background and investigative information that could sway a decision to bid or not to bid. Consequently, we cannot find that this language is superfluous or necessitates the performance of an empty ritual. Instead, we conclude that directive for a "reference" in section 612(b) is entitled to a strict construction like the other requirements for published and advertised notice in the Law. Here, the Bureau failed to establish that the Newspapers contained a direct "reference" to the upset tax sale.

Accordingly, we conclude that the judicial sale is invalid as a matter of law and reverse the trial court's September 14, 2017 order.

_____
PATRICIA A. McCULLOUGH, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re:  Adams County Tax Claim : 
Bureau : 
: 
Sailors Derek and Maureen : No.  1415 C.D. 2017
43006-0093---000 : 
Sale No. 0533 : 
: 
Appeal of: The Howard M. Saperstein : 
Profit Sharing Plan : 

## *ORDER*

AND NOW, this 13th day of December, 2018, the September 14, 2017 order of the Court of Common Pleas of Adams County is reversed.

_____
PATRICIA A. McCULLOUGH, Judge