828 A.2d 475 (2003)
In re TAX SALE OF REAL PROPERTY SITUATED IN JEFFERSON TOWNSHIP, Somerset County, Pennsylvania, Tax Sale No. 13291, Tax I.D. No XX-XXXXXX.
M. Susan Ruffner,
v.
Wayne J. Beeghly and Somerset Tax Claim Bureau.
Appeal of M. Susan Ruffner.
Commonwealth Court of Pennsylvania.
Submitted on Briefs June 6, 2003.
Decided July 15, 2003.
*476 Robert P. Ging, Jr., Confluence, for appellant.
William R. Carroll, Somerset, for appellees.
BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.
OPINION BY Senior Judge KELLEY.
M. Susan Ruffner appeals from an order of the Court of Common Pleas of Somerset County (trial court) dismissing her exceptions and objections to a tax sale of real property situated in Jefferson Township, Somerset County. We affirm.
Ms. Ruffner owned property located in Jefferson Township, Somerset County. The property was exposed to a tax sale on September 24, 2001, for nonpayment of school and township real estate taxes for the years 1999 and 2000. The property was sold to the highest bidder, Wayne J. Beeghly. Thereafter, Ruffner filed exceptions and objections to the tax sale with *477 the trial court on the basis that the property was not sold in accordance with the notice provisions of the Real Estate Tax Sale Law (Law)[1] and a hearing was held.
Before the trial court, the parties stipulated that the Somerset County Tax Claim Bureau (Bureau) properly posted notice of the tax sale on the property itself and properly published notices of the tax sale in two local newspapers and the local legal journal in accordance with Section 602 of the Law.[2] The trial court found that the Bureau also sent notices of the impending tax sale via certified mail to Ruffner's proper address in Allegheny County, all of which were returned to the Bureau as "unclaimed."[3] The trial court found that upon not receiving the signed certified mail receipt from Ruffner, the Bureau sent Ruffner another notice, first class with proof of mailing, as required by the Law.[4] The trial court found further that this notice was not returned to the Bureau by the postal authorities, that none of the first class mail sent by the Bureau to Ruffner was returned by the postal authorities, and that prior to the tax sale, the Bureau reviewed the assessment records to confirm that the notices had been sent to Ruffner's correct and only address. The trial court noted that Ruffner did not dispute that the Bureau was sending these notices to her proper mailing address.
The trial court rejected Ruffner's contentions that the Bureau failed to take additional reasonable efforts as required by Section 607.1 of the Law[5] to locate her *478 whereabouts upon not receiving any signed receipt confirming the delivery of the notices sent to her by the Bureau. Specifically, the trial court held that the Bureau was not required by the Law to: (1) conduct an internet search for Ruffner's telephone number or office address; or (2) search the telephone directories of Allegheny County to find Ruffner's telephone number. The trial court found that the record established that: (1) proper notice was sent to Ruffner by the Bureau by certified mail, return receipt requested but Ruffner chose not to claim the mail from the postal authorities; (2) proper first class mail notice was forwarded to Ruffner at her proper mailing address and was not returned to the Bureau; and (3) adequate efforts were made by the Bureau to determine whether there was any other address at which Ruffner could have been served. While the trial court acknowledged that the Bureau did not search the other sources specified in Section 607.1 of the Law, the trial court found that it was apparent that any additional effort by the Bureau would have been futile and pointless because the proper notices were sent to the proper address.
Accordingly, by order of December 20, 2002, the trial court dismissed Ruffner's exceptions to the tax sale. This appeal followed.[6]
We initially point out that Ruffner is not disputing that the Bureau complied with the notice requirements of Section 602 of the Law. Ruffner contends that the Bureau failed to comply with Section 607.1 of the Law when it became apparent to the Bureau that Ruffner did not receive the notices required by Section 602 of the Law. Therefore, Ruffner argues, that she did not have actual notice of the sale.
Ruffner contends that when a certified mail letter sent to Ruffner by the Bureau was returned unclaimed, the Bureau should have been alerted to the fact that the mail was not received thereby triggering the obligations imposed by Section 607.1 of the Law to make reasonable efforts to assure that Ruffner had been notified of the potential loss of her property. Ruffner argues that none of the efforts required by Section 607.1 of the Law were made by the Bureau to assure that she received actual notice of the tax sale despite the fact: (1) that her home and office phone numbers were easily obtainable through an internet search; (2) that she was a public figure in Allegheny County, previously as a judge of the court of common pleas and then the public defender of Allegheny County; (3) that the local attorney who prepared the deed could have been obtained through a search of the recorder of deeds records and he in turn could have notified Ruffner of the impending sale; and (4) that since the Bureau knew Ruffner was a resident of Allegheny County, it could have searched the Allegheny County phone book.
In a tax sale case, the Bureau has the burden of proving compliance with the statutory notice provisions of the Law. Geier v. Tax Claim Bureau of Schuylkill County, 131 Pa.Cmwlth. 321, 570 A.2d 134 (1990), aff'd, 527 Pa. 41, 588 A.2d 480 *479 (1991). As noted herein, Section 607.1 of the Law requires that when any notification of a pending tax sale is required to be mailed to any owner and such mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not returned or acknowledged at all, then, before the tax sale can be conducted or confirmed, the Bureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him or her. 72 P.S. § 5860.607a. Section 607.1 further provides that the "[B]ureau's efforts shall include, but not necessarily be restricted to, a search of current telephone directories for the county and of the dockets and indices of the county tax assessment offices, recorder of deeds office and prothonotary's office, as well as contacts made to any apparent alternate address or telephone number which may have been written on or in the file pertinent to the property." Id.
It is well settled that the notice provisions of the Law are to be strictly construed and that strict compliance with the notice provisions is essential to prevent the deprivation of property without due process. Murphy v. Monroe County Tax Claim Bureau, 784 A.2d 878 (Pa.Cmwlth. 2001). The purpose of a tax sale is not to strip an owner of his property but rather to insure that the tax on the property is collected. Id. At a minimum, due process requires that if reasonably possible, a government must notify an owner before his property is sold at an upset tax sale. Id.
The requirement of due process was explained by this Court in Farro v. Tax Claim Bureau of Monroe County, 704 A.2d 1137, 1142 (Pa.Cmwlth.1997), petition for allowance of appeal denied, 555 Pa. 722, 724 A.2d 936 (1998), as requiring the taxing bureau to conduct a reasonable investigation to ascertain the identity and whereabouts of the latest owners of record of property subject to an upset sale for the purposes of providing notice to that party. A taxing bureau's duty to investigate such matters is confined to determining the owners of record and then to use ordinary common sense business practices to ascertain proper addresses where notice of the tax sale may be given. Farro, 704 A.2d at 1142. Where notice is obviously not effectively reaching the owners of record, the taxing bureau must go beyond the mere ceremonial act of notice by certified mail. Id. at 1143. However, due process does not require the taxing bureau to perform the equivalent of a title search or to make decisions to quiet title. Id.
Our review of the record in this case reveals that the trial court did not err in dismissing Ruffner's exceptions to the tax sale of her property. As found by the trial court, proper notice was sent to Ruffner by the Bureau by certified mail, return receipt requested but Ruffner chose not to claim the mail from the postal authorities. In addition, proper first class mail notice was forwarded to Ruffner at her proper mailing address and was not returned to the Bureau. Finally, reasonable efforts were made by the Bureau to determine whether there was any other address at which Ruffner could have been served.
As correctly stated by the trial court, Section 607.1 only requires the Bureau to check the telephone directories in the county where the property is located. Moreover, even though the address on file with the Bureau for Ruffner was outside Somerset County, Section 607.1 does not impose an obligation on the Bureau to check directories outside the county particularly where the Bureau checked the assessment records and determined that *480 Ruffner's correct address in Allegheny County was already on file. Again, as correctly stated by the trial court, requiring the Bureau to check phone directories of every region in which an owner of property situated in the county resides would result in an effort likely to reach global proportions and the imposition of an unreasonable requirement upon the Bureau. In addition, there is nothing in the record to indicate that there was an alternate address or phone number in the Bureau's files at which the Bureau had made contact with Ruffner.
We also agree with the trial court that the Bureau was not required to conduct an internet search for Ruffner's office address and phone number. Section 607.1 of the Law does not require the Bureau to undertake extraordinary efforts only reasonable efforts and it does not require the Bureau to surf the web for an owner's alternative address or phone number, particularly where the Bureau is satisfied through other efforts that it has the owner's correct address on file. Again, the Bureau checked the assessment records and was satisfied that it had Ruffner's correct address on file. As stated by the trial court, while the Bureau did not check the county's recorder of deeds and prothonotary offices, nothing in the record suggests that such a search would have revealed anything other than the address to which the notices were mailed.
While it may seem that the efforts suggested by Ruffner that the Bureau should have taken to insure that Ruffner had actual notice of the tax sale are reasonable, in light of the fact that she may be considered a public figure in Allegheny County and easily found in that county, it is clear from the language of Section 607.1 that the Bureau was not required to check any records outside of Somerset County for her correct or alternative address, whether it be phone directories or the internet, where the Bureau confirmed by a check of the assessment records that its records contained Ruffner's correct address. As found by the trial court, Ruffner simply chose not to go to the post office to retrieve her certified mail and the subsequent notice sent to Ruffner at her correct address by first class mail was not returned.
Accordingly, the trial court's order is affirmed.

ORDER
AND NOW, this 15th day of July, 2003, the order of the Court of Common Pleas of Somerset County in the above captioned matter is affirmed.
NOTES
[1] Act of July 7, 1947, P.L. 1368, as amended, 72 P.S. §§ 5860 .101-5860.803.
[2] 72 P.S. § 5860.602. Section 602(a) provides that at least thirty days prior to any scheduled sale, the Bureau shall give notice thereof, not less than once in two newspapers of general circulation in the county and once in the legal journal designated by the court for publication of legal notices.
[3] Section 602(e)(1) of the Law provides that, in addition to publishing notice of a scheduled sale, the Bureau shall also give notice of the sale at least thirty days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined in the Law. 72 P.S. § 5860.602(e)(1).
[4] Section 602(e)(2) of the Law provides that if a return receipt is not received from each owner pursuant to Section 602(e)(1), then, at least ten days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his or her last known post office address by virtue of the knowledge and information possessed by the Bureau, by the tax collector to the taxing district making the return and by the county office responsible for assessments and revisions of taxes. 72 P.S. § 5860.602(e)(2).
[5] Added by the Act of July 3, 1986, P.L. 35, 72 P.S. § 5860.607a. Section 607a of the Law governs additional notification efforts and provides as follows:

(a) When any notification of a pending tax sale or a tax sale subject to court confirmation is required to be mailed to any owner, mortgagee, lienholder or other person or entity whose property interests are likely to be significantly affected by such tax sale, and such mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not returned or acknowledged at all, then, before the tax sale can be conducted or confirmed, the bureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him. The bureau's efforts shall include, but not necessarily be restricted to, a search of current telephone directories for the county and of the dockets and indices of the county tax assessment offices, recorder of deeds office and prothonotary's office, as well as contacts made to any apparent alternate address or telephone number which may have been written on or in the file pertinent to the property. When such reasonable efforts have been exhausted, regardless of whether or not the notification efforts have been successful, a notation shall be placed in the property file describing the efforts made and the results thereof, and the property may be rescheduled for sale or the sale may be confirmed as provided in this act.
(b) The notification efforts required by subsection (a) shall be in addition to any other notice requirements imposed by this act.
[6] This Court's scope of review in tax sale cases is limited to determining whether the trial court abused its discretion, clearly erred as a matter of law or rendered a decision with a lack of supporting evidence. Michener v. Montgomery County Tax Claim Bureau, 671 A.2d 285 (Pa.Cmwlth.1996).