# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Iron and Steel Realty     :
Investments, LLC, Douglas Dolan  :
and Vicki Dolan      :
            :
    v.       : No. 893 C.D. 2021
            : Argued: May 16, 2022
Westmoreland County Tax Claim  :
Bureau and Hoberman Homes, LLC :
            :
Appeal of: Hoberman Homes, LLC  :

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, President Judge
      HONORABLE ANNE E. COVEY, Judge
      HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER   FILED: June 29, 2022

  Hoberman Homes, LLC (Purchaser) appeals from the Order of the Court of Common Pleas of Westmoreland County (common pleas) that granted the Amended Petition to Set Aside and/or Strike (Petition to Set Aside) the September 9, 2019 upset tax sale conducted by the Westmoreland County Tax Claim Bureau (Bureau[1]) of 1100 Willowbrook Road, Belle Vernon, Pennsylvania 15012 (Property), a residential property, filed by the Property's owner, Iron and Steel Realty Investments, LLC, (Iron and Steel), and Douglas and Vicki Dolan (the Dolans), Iron and Steel's principals. Common pleas set aside the tax sale, finding it was void because the Bureau acknowledged that it failed to abide by the statutory notice requirements set forth in Section 602 of the Real Estate Tax Sale Law[2] (Tax Sale Law), 72 P.S. § 5860.602. In granting the Petition to Set Aside on this basis,

---

[1] The Bureau is not participating in the appeal.
[2] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.602.

common pleas did not first address Purchaser's argument that Iron and Steel, a Nevada limited liability company (LLC) not registered in Pennsylvania, lacked the capacity to file the Petition to Set Aside pursuant to Section 411(b) of the Associations Code, 15 Pa.C.S. § 411(b).[3]

On appeal, Purchaser argues that common pleas erred in concluding that Iron and Steel's lack of corporate registration in Pennsylvania was not relevant and/or did not preclude it from obtaining relief. Purchaser contends the legal capacity to sue issue should have been resolved in its favor prior to reaching the merits of the Petition to Set Aside. Iron and Steel responds that: its Motion to Quash the appeal should be granted[4] because Purchaser did not request a stay of common pleas' orders; Purchaser waived its challenge to Iron and Steel's legal capacity to sue; its corporate status is not relevant because the only issue in a challenge to a tax sale is whether notice was provided; and, even if its status was relevant, it was not doing business in Pennsylvania pursuant to Section 403 of the Associations Code, 15 Pa.C.S. § 403. After review, we will not grant the Motion to Quash the appeal, nor will we find that Purchaser waived the issue of Iron and Steel's capacity to sue. Although common pleas should have technically addressed the issue of capacity to sue as a threshold matter, based on the credibility findings, and the facts of this case, we affirm common pleas' granting of the Petition to Set Aside.

## I. FACTS

The Property was sold in an upset tax sale on September 9, 2019, for nonpayment of taxes for the 2017 tax year. Iron and Steel, along with the Dolans,

---

[3] Section 411(b) of the Associations Code provides that foreign filing associations "doing business in this Commonwealth may not maintain an action or proceeding in this Commonwealth unless it is registered to do business under this chapter." 15 Pa.C.S. § 411(b).

[4] Iron and Steel's Motion to Quash is assigned to be resolved with the merits.

filed a Petition to Set Aside, followed shortly by the Amended Petition to Set Aside. The Bureau filed responses to both Petitions to Set Aside. Purchaser filed a Petition to Intervene, which was granted, and an answer to the original Petition to Set Aside. Purchaser subsequently filed, with leave of court, an Amended Answer with New Matter to the Amended Petition to Set Aside (Amended Answer), in which it asserted, *inter alia*, that Iron and Steel was not registered to do business in Pennsylvania. Common pleas held an evidentiary hearing on April 26, 2021, at which the Bureau presented exhibits without objection showing their efforts to satisfy the Tax Sale Law's notice requirements, the Dolans testified, and Purchaser cross-examined them and presented a memorandum of law outlining why Iron and Steel did not have the legal capacity to file the Petition to Set Aside.

The Dolans testified as follows. The Dolans denied receiving any notice from the Bureau regarding delinquent taxes or the tax sale of the Property. They likewise denied having any actual knowledge of the tax sale. As to Iron and Steel, they testified it is an LLC formed in Nevada because they "talked to people that said it was the best place to form [an] LLC." (Hearing Transcript (Hr'g Tr.) at 18.)[5] Pursuant to its operating agreement, Iron and Steel's business purpose is to engage in "business development." (*Id.* at 37.) Prior to creating Iron and Steel, the Dolans drove by the Property and thought it would "be a good investment property to repair and flip for profit." (*Id.* at 14.) In 2015, Iron and Steel purchased the Property for $25,000 at a sheriff's sale. No one told them that they could not purchase the property with an out of state LLC, and they did not consult with an attorney when setting up Iron and Steel. The Property's deed, recorded on October 30, 2015, indicated that tax bills were to be mailed to "Iron and Steel Realty Investments,

---

[5] The April 26, 2021 Hearing Transcript can be found at pages 141a-232a of the Reproduced Record.

LLC" at 410 Cowan Drive, Elizabeth, Pennsylvania 15037 (the Dolans' home address). (*Id.* at 13, 16.)

The Dolans had never bought an investment property prior to this and have not bought another since; however, it was Mr. Dolan's intention at the time to invest in more properties. Iron and Steel has no assets other than the Property. The Dolans intended to "refurbish [the Property] within six months and put it on the market," and hired four contractors through Iron and Steel; this timeframe was not met, however, and the fourth contractor finished around May or June of 2018. (*Id.* at 19-22.) Iron and Steel spent approximately $305,000.00 to renovate the Property, using some of the Dolans' money and taking out loans (guaranteed by the Dolans), some of which are still outstanding. The Dolans engaged a realtor to sell the Property at some point. When asked if this property purchase was a "one and done," Mr. Dolan testified "[w]e were looking at the potential of purchasing other properties to do this again maybe." (*Id.* at 37.)

Purchaser cross-examined Mr. Dolan, asking if he had registered Iron and Steel to do business in Pennsylvania, to which Mr. Dolan initially responded that he had in 2016 but later agreed that he did not know that as a fact. Ms. Dolan acknowledged, on cross-examination, that, to her knowledge, Iron and Steel was not registered in Pennsylvania. Purchaser submitted a search from the Pennsylvania Department of State's website, performed the day prior to the hearing, indicating that Iron and Steel was not registered in Pennsylvania. Purchaser asked common pleas to take judicial notice of various judicial admissions in the pleadings and representations made in depositions regarding Iron and Steel's lack of registration to do business in Pennsylvania. Purchaser further represented to common pleas that

4

it had paid $8,313.68 for the Property at the tax sale and spent a total of $24,845.60 to date on the Property. (*Id.* at 85.)

At the conclusion of that hearing, common pleas asked the parties to submit proposed findings of fact and conclusions of law, as well as legal memoranda. These filings were timely submitted. For its part, the Bureau agreed that the notices were sent to an address not listed on the Property's deed, that the notices were returned to it unclaimed, and that there was no testimony that would support that there was actual notice of the tax sale. (Bureau Proposed Findings of Fact and Conclusions of Law at 4.[6]) Thus, it "would have to concede that there was a notice defect." (*Id.*)

## II. COMMON PLEAS' DECISIONS

Common pleas credited the Dolans' testimony, and, after considering that testimony, the other evidence, the relevant law, and the Bureau's concession, common pleas concluded that "the purported upset tax sale [was] void for defective notice" because the notice requirements of the Tax Sale Law were not satisfied. (Common Pleas' July 6, 2021 Opinion at 8.)[7] As to Purchaser's argument that Iron and Steel could not obtain relief pursuant to Section 411(b) of the Associations Code, common pleas appreciated the argument but nevertheless held that, because the sale was void, "as 'to render of no validity or effect; null,'" Iron and Steel's "corporate registration [was] of no import." (*Id.* at 9 (quoting Black's Law Dictionary definition of "Void").) Common pleas also explained that pursuant to Section 411(c) of the Associations Code, 15 Pa.C.S. § 411(c), failure of a foreign limited liability company to register to do business in this Commonwealth does not "preclude it from

---

[6] The Bureau's Proposed Findings of Fact and Conclusions of Law can be found at pages 233a-38a of the Reproduced Record.

[7] Common pleas' July 6, 2021 Opinion can be found at pages 239a-50a of the Reproduced Record.

defending an action or proceeding in this Commonwealth." (*Id.* at 9 (internal quotations omitted).) It further indicated, citing Section 403(a)(1), (7)-(10) of the Associations Code, 15 Pa.C.S. § 403(a)(1), (7)-(10), that there are some activities performed within Pennsylvania that do not constitute doing business. "Based on the evidence and testimony before [the c]ourt," common pleas stated that Iron and Steel and the Dolans were "not precluded from being in this court. However, . . . this [c]ourt need[] not reach this issue, as the failure to provide notice as required by [Section 602 of the Tax Sale Law] . . . render[ed] the tax sale void, [and] moot[ed] the issue." (*Id.* at 10.)

Purchaser appealed to this Court, and filed, as directed, a Concise Statement of Errors Complained of on Appeal (Statement) pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b). Therein, Purchaser raised the same issues it asserts in this appeal. Thereafter, common pleas issued an order on August 3, 2021, amending its July 6, 2021 Order to direct Iron and Steel to pay $9,311.32 to Purchaser by September 2, 2021, and allow Iron and Steel to record the July 6, 2021 Order showing that the deed naming Purchaser is now null and void.[8] (R.R. at 282a-83a.) Purchaser did not seek a stay or supersedeas of the original July 6, 2021 Order or the August 3, 2021 Amended Order.

---

[8] Prior to the appeal, Iron and Steel filed a Motion for Special Injunctive Relief for Return of Property/Replevin on July 14, 2021, requesting common pleas grant it and the Dolans immediate possession of the Property. (R.R. 251a-56a.) The Bureau filed a Motion to Amend common pleas' Order on July 21, 2021, seeking the addition of language "that declares the deed recorded by the Tax Claim Bureau to Hoberman Homes, LLC as null and void." (*Id.* at 271a.) The Bureau's Motion to Amend also indicated that it could not make a full refund to Purchaser because some of the money that was paid for the purchase price was sent to Harrisburg to cover transfer tax payments and was unable to be recouped. (*Id.*) Iron and Steel agreed with the Bureau that the order needed to reflect that the deed on behalf of Purchaser should be void; however, it disagreed with shifting the burden to it to refund Purchaser for the tax sale. Instead, Iron and Steel argued that it should only have to pay the tax due, and the Bureau should issue a refund to Purchaser. (*Id.* at 276a-77a.) The August 3, 2021 order granted the Bureau's Motion to Amend.

6

In response to the Statement and in support of granting the Petition to Set Aside, common pleas issued a 1925(a) Opinion.[9] Common pleas reiterated the legal principles it relied on in the July 6, 2021 Opinion to find the tax sale void, and added that "if the entire legal proceeding is void and any and all legal proceedings at this case number in effect did not legally exist, Iron and Steel did not maintain any legal action in the Commonwealth, whether it is doing business or not doing business in Pennsylvania." (1925(a) Op. at 10.) Regarding Purchaser's claims that common pleas "found" that Iron and Steel was not doing business in Pennsylvania and was not precluded from obtaining affirmative relief in the trial court, common pleas stated that it "made no such 'findings.'" (*Id.* at 11.)

## III.    PARTIES' ARGUMENTS

Before this Court, Purchaser argues that common pleas erred in holding that Iron and Steel's corporate registration was of no consequence due to the tax sale being void and in finding that Iron and Steel did not lack the legal capacity to sue. Purchaser argues that pursuant to Section 411(a) and (b) of the Associations Code, Iron and Steel's failure to register in Pennsylvania meant it could not "do business" in the Commonwealth and could not "maintain an action or **proceeding** in this Commonwealth unless it is registered to do business under this chapter." (Purchaser's Brief (Br.) at 20-21 (citing 15 Pa.C.S. § 411(a), (b)) (emphasis added).) While Purchaser concedes that Iron and Steel did not maintain an "action," it argues Iron and Steel did maintain a "proceeding" under Section 411(b). Purchaser contends that "proceeding" is broader than "action" and "[i]ncludes every declaration, petition or other application which may be made to a court under law or usage or under special statutory authority, but the term does not include an action or

---

[9] The 1925(a) Opinion can be found at pages 306a-17a of the Reproduced Record.

an appeal." (*Id.* at 23 (citing Section 102 of the Judicial Code, 42 Pa.C.S. § 102).) Purchaser also cites the Committee Comment-2014 to Section 411(b) as support for its argument that common pleas erred in not resolving this issue first. Purchaser argues that *American Housing Trust, III v. Jones*, 696 A.3d 1181 (Pa. 1997), and *Drake Manufacturing Company, LLC v. PolyFlow, Inc.*, 109 A.3d 250, 257 (Pa. Super. 2015), set forth the legal analysis that must be applied to determine whether a foreign business entity has the capacity to sue in the first instance, an analysis that common pleas did not perform before concluding that Iron and Steel was not precluded from filing the Petition to Set Aside. In short, "Iron and Steel's corporate registration is important because its failure to register directly affects its capacity to sue." (Purchaser's Br. at 24 (emphasis omitted).)

Purchaser also argues that, to the extent common pleas found Iron and Steel was not "doing business" in Pennsylvania, it erred in doing so without making findings of fact or analyzing that issue to support those conclusions. Even absent those findings or that analysis, Purchaser argues that the record here would not support a finding that Iron and Steel was not doing business in Pennsylvania as defined by Section 403 of the Associations Code and interpreted in *American Housing Trust* and *Drake Manufacturing*. It notes that, from common pleas' opinions, it appears that the court treated the Dolans as also bringing the Petition to Set Aside and considered the hardship on the Dolans if the tax sale was not set aside. (*Id.* at 32 n.15.) However, the Dolans were not the record owner of the Property and the equities of the situation are not a consideration in determining whether an entity is subject to Section 411(b) of the Associations Code. (*Id.* (citing *Drake Mfg.*, 109 A.3d at 257).)

8

Iron and Steel argues that the appeal is moot and its Motion to Quash should be granted pursuant to *Deutsche Bank National Co. v. Butler*, 868 A.2d 574 (Pa. Super. 2005), because Purchaser has no interest in the Property having not requested a stay or supersedeas to protect its property rights. Iron and Steel relies on common pleas' August 3, 2021 Amended Order, which voided and nullified the sale and allowed for the order to be filed with the Recorder of Deeds resulting in it, not Purchaser, being the current legal owner of the Property. Iron and Steel next asserts that Purchaser waived the issue of Iron and Steel's corporate registration because it did not raise the issue in its original Petition to Intervene and did not file preliminary objections to the Petition to Set Aside as required by Pennsylvania Rule of Civil Procedure 1028(a), Pa.R.Civ.P. 1028(a). Instead, Iron and Steel asserts Purchaser raised this issue in its Amended Answer on July 6, 2020, to which Iron and Steel filed a reply asserting the issue was waived. Iron and Steel further argues that, even if preliminary objections were not required, the argument should still be waived because it was raised after discovery had been completed.

Iron and Steel next argues there was no error in common pleas finding that its corporate status is not relevant because the only issue in a tax sale challenge is whether the taxing authority complied with the notice requirements of Section 602 of the Tax Sale Law. Iron and Steel posits that its own negligence does not provide an exception to those requirements that would relieve a taxing authority from strictly complying with the statute, citing cases where the taxpayers' negligence or inaction could not be used by a purchaser to oppose their petitions to set aside. (Iron and Steel's Br. at 16.) Iron and Steel additionally asserts that, even if its corporate status is relevant, its actions fall within several of the exceptions to "doing business" set forth in Section 403 of the Associations Code, and, therefore, it is not subject to

9

Section 411(b)'s penalty. Iron and Steel contends that *American Housing Trust* recognized that, under Section 403, "passive owning of real estate for investment or fiduciary purposes does not constitute transacting business in this state," and that its ownership of the Property is an isolated transaction that does not constitute "doing business." (*Id.* at 21 (internal quotations omitted).) Even if it were and registration was required, Iron and Steel maintains that it would place a cost on foreign businesses to access the court system to defend their rights. Moreover, Iron and Steel asserts that equitable factors weigh in favor of upholding the finding that the tax sale should be set aside because the Dolans spent approximately $305,000.00 to renovate the Property, and Purchaser would receive a windfall if the tax sale were not set aside, particularly where due process was violated by the lack of notice.

In its Reply Brief, Purchaser responds that this appeal is not moot and should not be quashed because this situation is distinguishable from *Deutsch Bank* where, unlike in that case, an order from this Court reversing would return the Property to Purchaser. The recording of common pleas' Amended Order, declaring the tax sale void, by Iron and Steel did not end this controversy or Purchaser's appeal, and could be struck if this Court reversed. That it did not request a stay similarly does not render the appeal moot. As to waiver, Purchaser asserts it timely raised and preserved the issue of Iron and Steel's capacity to sue and, therefore, the issue is not waived. The lack of capacity to sue can be raised either in preliminary objections or in an answer to a complaint, and while Purchaser did not file preliminary objections, it did raise the issue in paragraph 42 of its Amended Answer, filed with leave of court, and during the hearing. This is sufficient to preserve the issue. (Purchaser's Reply Br. at 7-8 (citing *McGuire on behalf of Naidig v. Pittsburgh*, 250 A.3d 516 (Pa. Cmwlth. 2021) (citing *Drake Mfg.*, 109 A.3d at 257)).)

10

## IV.    DISCUSSION

### A. *Whether Purchaser's appeal should be quashed due to its failure to request a stay to preserve its interests in the Property.*

Iron and Steel's argument that Purchaser's appeal should be quashed is based on its belief that the recording of common pleas' August 3, 2021 Amended Order which transferred the Property back into its name, and Purchaser's failure to request a stay or supersedeas of that order, results in Purchaser no longer having any legal interest in the Property. Without this legal interest, the appeal is moot and should be quashed. Iron and Steel analogizes this situation to that in *Deutsche Bank* and claims that as in that case, this Court's order would have no impact on the title to the Property. However, it appears that, as Purchaser asserts, *Deutsche Bank* is distinguishable, this matter is not moot, and the Motion to Quash should, therefore, be denied.

An appeal is moot if a court's order cannot have any force or practical effect on the controversy. *Chruby v. Dep't of Corr.*, 4 A.3d 764, 770-71 (Pa. Cmwlth. 2010). In *Deutsche Bank*, a mortgagee filed a petition to set aside a sheriff's sale of a mortgaged property after its representative mistakenly failed to increase the bid to the upset amount, which was granted. The trial court directed that the property be rescheduled for sheriff's sale three months later. The successful bidder appealed, requested that the second sale be stayed, offered a bond to operate as a supersedeas, but did not post the bond resulting in the order not being stayed. At the rescheduled sheriff's sale, the mortgagee purchased the property, and the sheriff delivered the deed to the mortgagee during the pendency of the appeal. The mortgagee filed a motion to dismiss the appeal for mootness, which the Superior Court granted because "the property was sold at the second sale, and now an order declaring the first sale valid would have no effect." *Deutsche Bank*, 868 A.2d at 577. The Superior Court rejected arguments that a motion to strike the deed would solve the

11

problem because "there [was] nothing in the record that indicate[d] whether [the mortgagee] still own[ed]" the property, and the appeal of the first sale could not be treated as a petition to set aside of the second sale because the deed had already been delivered, which precluded the filing of a petition to set aside. *Id.*

Here, unlike in *Deutsche Bank*, there has been no subsequent, valid sale of the Property, and there is no dispute that Iron and Steel still has ownership of the Property. Indeed, that is the basis of the Motion to Quash – that the ownership of the Property has returned to Iron and Steel and it is as though the tax sale never happened. Further, the transfer of the Property is based on the order being challenged on appeal, and it is not a situation where Purchaser's appeal is an attempt to assert an invalid petition to set aside. Thus, under these circumstances, an order by this Court would have force or practical effect as to the ownership of the Property. Therefore, the Court will not quash the appeal.

   *B. Whether Purchaser waived the issue of Iron and Steel's capacity to sue.*

Iron and Steel argues that Purchaser has waived this argument because it did not raise this issue in preliminary objections, did not raise this issue in its Petition to Intervene, and waited six months to raise this issue with an Amended Answer on July 6, 2020, after discovery was complete. In response, Purchaser asserts it timely raised the issue of Iron and Steel's lack of legal capacity, which, pursuant to *McGuire* and *Drake Manufacturing*, can be raised in an answer, rather than in preliminary objections. Reviewing the rules that govern tax sale cases and *McGuire* and *Drake Manufacturing*, we agree that Purchaser timely raised the issue of Iron and Steel's lack of registration in Pennsylvania.

First, the Pennsylvania Rules of Civil Procedure, which includes Rule 1028 regarding the filing of preliminary objections, "do not apply to statutory proceedings

12

brought under the . . . Tax Sale Law." *Battisti v. Tax Claim Bureau of Beaver Cnty.*, 76 A.3d 111, 115 (Pa. Cmwlth. 2011). Accordingly, that Purchaser did not raise the issue in a pleading (preliminary objections) that is not required, nor authorized, to be filed in a tax sale case does not render the issue waived. Second, this Court, in *McGuire* held that "a defendant timely objects to a plaintiff's lack of capacity to sue if the defendant raises this issue in preliminary objections **or in its answer to the complaint**." 250 A.3d at 525 (quoting *Drake Mfg.*, 109 A.3d at 257) (emphasis added; internal quotations omitted). Purchaser raised Iron and Steel's lack of registration in paragraph 42 of its Amended Answer, stating that Iron and Steel had not registered as a foreign corporation in Pennsylvania. (R.R. at 100a.) Iron and Steel denied this assertion as being irrelevant because it had purchased the Property and was the owner on the deed in paragraph 10 of its response. (*Id.* at 115a.) Purchaser then submitted its memorandum of law during the April 26, 2021 hearing to explain the import of that lack of registration on Iron and Steel's capacity to sue. Pursuant to *McGuire* and *Drake Manufacturing*, Purchaser timely asserted Iron and Steel's lack of registration in Pennsylvania, and, therefore, Purchaser did not waive the issue.

C.  *Whether Iron and Steel lacked capacity to sue such that the Petition to Set Aside in this case should have been denied.*

"Our scope of review in tax sale cases is limited to determining whether the trial court abused its discretion, rendered a decision with a lack of supporting evidence, or clearly erred as a matter of law." *Shipley v. Tax Claim Bureau of Delaware Cnty.*, 74 A.3d 1101, 1104 n.3 (Pa. Cmwlth. 2013). It is well settled that "[t]he primary purpose of tax sale laws is to ensure 'the collection of taxes, and not to strip away citizens' property rights.'" *In re Consol. Reps. & Return by Tax Claims Bureau of Northumberland Cnty. of Properties*, 132 A.3d 637, 650 (Pa. Cmwlth.

13

2016) (quoting *Rice v. Compro Distrib., Inc.*, 901 A.2d 570, 575 (Pa. Cmwlth. 2006)). Our Supreme Court has held that tax sale laws "were never meant to punish taxpayers who omitted through oversight or error (from which the best of us are never exempt) to pay their taxes." *In re Return of Sale of Tax Claim Bureau (Ross Appeal)*, 76 A.2d 749, 753 (Pa. 1950). In all tax sale cases, the tax claim bureau "has the burden of proving compliance with the statutory notice provisions." *Krawec v. Carbon Cnty. Tax Claim Bureau*, 842 A.2d 520, 523 (Pa. Cmwlth. 2004). In general, Section 602 of the Tax Sale Law, 72 P.S. § 5860.602, requires three forms of notice to an upset tax sale: publishing the notice in newspapers; posting notice on the property; and mailing notice by certified mail to the owner or others with a legal interest in the property. "If any of the three types of notice is defective, the tax sale **is void**." *Gladstone v. Fed. Nat'l Mort. Ass'n*, 819 A.2d 171, 173 (Pa. Cmwlth. 2003) (emphasis added).

Purchaser does not argue that notice of the tax sale of the Property was sufficient. Instead, Purchaser essentially argues that common pleas had to resolve the issue of whether Iron and Steel had the legal capacity to file the Petition to Set Aside before it addressed the merits. Iron and Steel contends that its corporate registration, or lack thereof, is of no moment because the focus in a challenge to a tax sale is on the sufficiency of the Bureau's actions, not on any action or inaction (negligence) of the property owner. It further argues that, even if its corporate registration was relevant to the inquiry, it was not precluded from filing the Petition to Set Aside because it was not doing business in Pennsylvania and the equities support affirming common pleas' order.

As noted, the purpose of the Tax Sale Law is to ensure the payment of taxes and not to punish taxpayers for their nonpayment of taxes due to oversight or error.

14

Further, as Iron and Steel argues, the Court has held that the lack of compliance with the notice provisions in Section 602 of the Tax Sale Law render the upset tax sale void. *Gladstone*, 819 A.2d at 173. Iron and Steel cites three cases, *In re Consolidated Return of Lackawanna County Tax Claim Bureau* (Pa. Cmwlth., No. 462 C.D. 2017, filed January 19, 2018),[10] *Santarelli Real Estate, Inc. v. Tax Claim Bureau of Lackawanna County*, 867 A.2d 717 (Pa. Cmwlth. 2005), and *Smith v. Tax Claim Bureau*, 834 A.2d 1247 (Pa. Cmwlth. 2003), as support for its argument that its negligence in not registering in Pennsylvania cannot be held against it because the burden was on the Bureau to establish strict compliance with the Tax Sale Law's notice provisions, which "cannot be waived due to the actions of the owner." (Iron and Steel's Br. at 14 (citing *In re Consol. Return of Lackawanna Cnty. Tax Claim Bureau*, slip op. at 4) (emphasis omitted).) In each of these cases, this Court held that the actions of the taxpayers, including negligence, was not relevant because the issue is whether the tax claim bureaus met their burden of proving proper notice. In *In re Consol. Return of Lackawanna Cnty. Tax Claim Bureau*, slip op. at 3-4, we rejected the argument that taxpayer's status as realtor and failure to inquire about the lack of tax bills for six years should have been considered. In *Santarelli Real Estate, Inc.*, 867 A.2d at 722, a case where the tax claim bureau acknowledged lack of notice, we rejected the argument that taxpayer's "'knowing failure' to pay the taxes provided her with notice that there w[ould] be a public sale of the [p]roperty," so as to provide implied actual notice. Finally, in *Smith*, 834 A.2d at 1251, we rejected the argument that the tax claim bureau's efforts to find a taxpayer were reasonable where the taxpayer, who owned the property with their estranged spouse as tenants

---

[10] Pursuant to Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported opinion of this Court is not precedential but can be cited as persuasive.

by the entirety, failed to provide an updated address because the focus is not on the neglect of the owner. These cases support, at least in part, Iron and Steel's argument that a taxpayer's actions, inaction, or negligence is not relevant to the determination as to whether the taxing authority met its burden of proving proper notice. However, these cases involve a taxpayer's actions/neglect in relation to their obligation to pay taxes or in their interaction with a tax claim bureau. They do not involve questions related to the legal capacity to sue – to file a petition to set aside challenging the tax sale – which could be viewed as a separate and threshold inquiry.

Generally, "capacity to sue refers to the legal ability of a person to come into court, and '[w]ant of capacity to sue has reference to or involves only a general legal disability, . . . such as infancy, lunacy, idiocy, coverture, **want of authority**, or **a want of title** in plaintiff in the character in which he or she sues.'" *In re Estate of Sauers*, 32 A.3d 1241, 1248 (Pa. 2011) (quoting 67A C.J.S. *Parties* § 11) (emphasis and alteration in original). Our Supreme Court has explained that it views capacity to sue issues as "**threshold matter[s]** that should be **resolved prior to answering the [main legal] question**." *Id.* at 1245 n.2 (emphasis added). This is because objections based on a lack of legal capacity, if sustained, "could lead to the dismissal of an action in whole alleviating the need to consider the larger issue[.]" *Id. See also Am. Hous. Trust, III*, 696 A.2d at 1184 (holding that a preliminary objection challenging a party's capacity to sue may lead to "the end result of . . . dismissal of the action").

Purchaser challenges Iron and Steel's legal capacity to sue under Section 411(b) of the Associations Code alleging that it was doing business in Pennsylvania without being registered which defeated its capacity to sue. A foreign business entity's capacity to sue under Section 411(b) has not been addressed in the context

16

of an upset tax sale. However, given our Supreme Court's statements in *Estate of Sauers* and *American Housing Trust* that the capacity to sue is a threshold issue, it would have been prudent to resolve the issue prior to addressing the merits of the Petition to Set Aside.

Purchaser argues Iron and Steel was doing business in Pennsylvania without registering and, therefore, it was precluded from filing the Petition to Set Aside as a penalty for that failure. Purchaser further asserts that common pleas did not engage in the kind of analysis of the evidence that is required to make a determination under Sections 403 and 411(b) of the Associations Code because, while common pleas cited some of the statutory provisions, it made no findings of fact and provided no analysis on the issue. Iron and Steel asserts that it was not precluded by Section 411(b) from filing the Petition to Set Aside based on the record because its activities do not constitute "doing business" in Pennsylvania under Section 403 of the Associations Code.

Section 411 of the Associations Code, 15 Pa.C.S. § 411, provides, in relevant part:

> (a) Registration required.—Except as provided in section 401 (relating to application of chapter) or subsection (g), a foreign filing association or foreign limited liability partnership may not do business in this Commonwealth until it registers with the department under this chapter.
>
> (b) Penalty for failure to register.—A foreign filing association or foreign limited liability partnership **doing business** in this Commonwealth **may not maintain an action or proceeding** in this Commonwealth **unless it is registered** to do business under this chapter.
>
> (c) Contracts and acts not impaired by failure to register.—The failure . . . to register to do business in this Commonwealth does not . . . **preclude it from defending an action or proceeding in this Commonwealth**.

17

. . . .

Committee Comment – 2014

. . . .

The purpose of subsection (b) is to induce foreign associations to register **without imposing harsh or erratic sanctions**.  Often the failure to register is a result of inadvertence or bona fide disagreement as to the scope of 15 Pa.C.S. § 403 which is necessarily imprecise; **and the imposition of harsh sanctions in those situations is inappropriate**.

. . . .

Subsection (b) does not prevent a foreign association that has failed to register from "defending" an action or proceeding.  The distinction between "maintaining" and "defending" an action or proceeding under subsection (b) is determined on the basis of whether affirmative relief is sought.  . . .

15 Pa.C.S. § 411(a)-(c), Committee Comment – 2014, (emphasis added).  Section 403 of the Associations Code, 15 Pa.C.S. § 403, states, in pertinent part:

(a)      General rule.—**Activities** of a foreign filing association or foreign limited liability partnership **that do not constitute doing business in this Commonwealth** under this chapter shall **include** the following:

(1)      Maintaining, defending, mediating, arbitrating or settling an action or proceeding.

. . . .

(7) Creating or acquiring indebtedness, mortgages or security interests in property.

(8) Securing or collecting debts or enforcing mortgages or security interests in property securing the debts and holding, protecting or maintaining property so acquired.

(9) Conducting an isolated transaction that is not in the course of similar transactions.

(10) Owning, without more, property.

. . . .

Committee Comment – 2014

18

. . . .

This section does not attempt to formulate an inclusive definition of what constitutes doing business in Pennsylvania. Rather, the concept is defined in a negative fashion by subsections (a) and (b), which state that certain activities do not constitute doing business. In general terms, any conduct more regular, systematic, or extensive than that described in subsection (a) constitutes doing business and requires the foreign association to register to do business. Typical conduct requiring registration includes maintaining an office to conduct local intrastate business, selling personal property not in interstate commerce, entering into contracts relating to the local business or sales, and owning or using real estate for general purposes. **But the passive owning of real estate for investment purposes does not constitute doing business**. *See* subsection (a)(10).

. . . .

The list of activities set forth in subsection (a) is not exhaustive.

1. Engaging in Litigation

A foreign association is not "doing business" solely because it resorts to the courts of Pennsylvania to recover an indebtedness, enforce an obligation, recover possession of personal property, obtain the appointment of a receiver, intervene in a pending proceeding, bring a petition to compel arbitration, file an appeal bond, or pursue appellate remedies. Similarly, a foreign association is not required to register merely because it files a complaint with a governmental agency or participates in an administrative proceeding within Pennsylvania.

. . . .

5. Isolated Transactions

The concept of "doing business" involves regular, repeated, and continuing business contacts of a local nature.

15 Pa.C.S. § 403(a)(1), (7)-(10), Committee Comment – 2014 subparagraphs 1, 5 (emphasis added).

In *American Housing Trust*, our Supreme Court addressed lack of capacity to sue regarding a foreign business "doing business" in the Commonwealth and described the type of analysis that must be performed on a case-by-case basis to

19

resolve the issue.[11]  In that case, the court of common pleas determined that American Housing Trust, III (the appellant), at the preliminary objection stage, lacked the capacity to sue because it was "doing business" within Pennsylvania without registering.  Although the Superior Court affirmed, the Supreme Court reversed.  It found that the facts developed at the preliminary stage of the proceedings did not enable the court to make a determination as to facts pertaining to the corporation's regular, repeated business contacts, which were critical in determining whether the corporation was required to register.  The Supreme Court noted that "it is well-established that the test for whether a corporation is 'doing business' in [Pennsylvania] is a question of fact, to be resolved on a case-by-case basis." *Am. Hous. Tr. III*, 696 A.2d at 1184.  The Supreme Court explained that:

> Where this factual dispute was raised by the pleadings, in order for the trial court to properly rule on . . . preliminary objections to [the] complaint, there must be of record, all of the facts necessary for the trial court to determine whether [the corporation] is statutorily excluded from the requirement to obtain a certificate of authority.  This necessarily entails facts going to both the nature and the extent of [the corporation's] activities in [Pennsylvania].  The trial court may not reach a determination based upon its view of the controverted facts, but must resolve the dispute by receiving evidence thereon through interrogatories, depositions, or an evidentiary hearing.

*Id.* at 1185 (citation omitted).

In this case, after a hearing in which common pleas heard the testimony, it found that "the testimony of the Petitioners [Iron and Steel and the Dolans] was detailed and credible." (Common Pleas' July 6, 2021 Opinion at 8.)  The credible testimony is that Iron and Steel owns one property, purchased as an investment,

---

[11] *American Housing Trust* considered the requirements of Sections 4121(a) and 4141 of the former Foreign Business Corporations Law, *formerly* 15 Pa.C.S. §§ 4121, 4141, which were replaced by Section 411 of the Associations Code.

20

which it intended to sell, but has not. When its Property was sold at tax sale, without Iron and Steel receiving notice, it filed the Petition to Set Aside. This required the Bureau to meet its burden of proving that the sale complied with the Tax Sale Law, which the Bureau could not do. Under these circumstances, we conclude that Iron and Steel is not precluded from contesting the tax sale of its Property. Passive ownership of real property does not constitute doing business, and Iron and Steel's ownership and rehabilitation of one property is, under these facts, an isolated transaction. Iron and Steel was protecting its ownership of real property, which according to the credited evidence here, does not constitute "doing business."

This determination is consistent with the purpose of Section 411(b), which is to induce registration "**without imposing harsh or erratic sanctions**" and that where "the failure to register is a result of inadvertence or bona fide disagreement as to the scope of 15 Pa.C.S. § 403 which is necessarily imprecise; . . . the **imposition of harsh sanctions in those situations is inappropriate**." 15 Pa.C.S. § 411(b), Committee Comment 2014 (emphasis added). Here, where Iron and Steel is not doing business, as defined by Section 403 of the Associations Code, it would be a harsh sanction to preclude it from challenging the tax sale of its property without notice. *But see Drake Mfg.*, 109 A.3d at 265 (Superior Court rejected an equitable argument that it was unfair to preclude an action due to nonregistration because doing so would allow the defendant to get away with not paying for $300,000 in merchantable goods).

## V. CONCLUSION

Based on the evidence found credible by common pleas, Iron and Steel was not doing business in accordance with Section 403 of the Associations Code and, therefore, was not precluded from filing the Petition to Set Aside. That Petition to

21

Set Aside was properly granted where the Bureau conceded that it did not comply with the notice requirements of the Tax Sale Law.  Accordingly, we affirm.

_____
**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Iron and Steel Realty :
Investments, LLC, Douglas Dolan :
and Vicki Dolan :
:
v. : No. 893 C.D. 2021
:
Westmoreland County Tax Claim :
Bureau and Hoberman Homes, LLC :
:
Appeal of: Hoberman Homes, LLC :

# **O R D E R**

**NOW**, June 29, 2022, the Motion to Quash filed by Iron and Steel Realty Investments, LLC, Douglas Dolan, and Vicki Dolan is **DENIED**, and the Order of the Court of Common Pleas of Westmoreland County, entered in the above-captioned matter, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** President Judge