IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gloria J. Gaynor,                                  :
                        Appellant          :
                                           :
          v.                                         :
                                           :
Delaware County Tax Claim Bureau       : No. 580 C.D. 2023
and CJD Group, LLC                            : Submitted: December 9, 2024


BEFORE:  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE LORI A. DUMAS, Judge


OPINION BY
JUDGE COVEY                                      FILED:  January 22, 2025

          Gloria J. Gaynor (Appellant) appeals from the Delaware County (County) Common Pleas Court's (trial court) order dated April 28, 2023 (entered May 2, 2023) denying her Petition to Set Aside Tax Sale (Petition) of the property located at 335 Wayne Avenue, Lansdowne, Pennsylvania (Property).  There is only one issue before this Court: whether the trial court erred by failing to find that the price for which the Property was sold was grossly inadequate in comparison to the actual sale price.[1]  After review, this Court affirms.

---

[1] In her Statement of Questions Involved, Appellant presents two additional issues for this Court's review:  (1) whether the trial court erred by failing to exercise its equitable powers to set the tax sale aside where Appellant's son testified that he would be able to pay all tax arrearages; and (2) whether the trial court erred by failing to set the tax sale aside where the County Tax Claim Bureau (Bureau) had failed to give proper notice or service of the sale in accordance with the requirements of Section 602 of the Real Estate Tax Sale Law (RETSL), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.602.  *See* Appellant Br. at 4.  However, the only issue Appellant addressed in the Summary of Argument and Argument sections of her brief is as stated by this Court.  *See* Appellant Br. at 7-12.  "[W]here issues are raised in the statement of questions involved, but not addressed in the argument section of the brief, courts find waiver."  *In re Tax*

Appellant filed the Petition on October 26, 2021. *See* Reproduced Record (R.R.) at 5a-6a. Therein, Appellant averred that the notice of the Property's tax sale was insufficient and/or defective pursuant to the laws of the Commonwealth of Pennsylvania (Commonwealth). *See* Petition ¶ 8. Appellant further asserted in the Petition that she was not offered an installment plan option as required by Section 603 of the Real Estate Tax Sale Law (RETSL).[2] *See* Petition ¶ 9. Lastly, Appellant alleged in the Petition that the Property is valued at more than 15 times the amount paid for the Property at the tax sale. *See* Petition ¶ 11. On December 9, 2022, Appellant, the County Tax Claim Bureau (Bureau), and the successful bidder at the Property's tax sale, CJD Group, LLC (CJD Group), filed a joint stipulation to permit CJD Group to intervene as a party respondent. *See* R.R. at 9a. The trial court held a hearing on March 28, 2023.

At the hearing, the Bureau presented its upset tax sale coordinator, Janine Heinlein (Heinlein), who testified that the Bureau initiated the Property's tax sale proceedings due to the Property's unpaid 2020 taxes. *See* R.R. at 16a. Heinlein described the notices sent to Appellant, the service relating thereto, the posting of the notices, as well as the publication thereof. *See* R.R. at 16a-22a; *see also* Supplemental Reproduced Record (S.R.R.) at 1b-16b[3] (Exs. R-1 - R-9). Heinlein

*Claim Bureau of Lehigh Cnty. 2012 Judicial Tax Sale*, 107 A.3d 853, 857 n.5 (Pa. Cmwlth. 2015). Further, "[a] party's failure to develop an issue in the argument section of its brief constitutes waiver of the issue." *Id.* Accordingly, Appellant has waived those two additional issues.

Moreover, relative to the RETSL's notice requirements, Appellant expressly concedes: "After detailed review of the proceeding and the trial court's opinion, [Appellant] concedes and hereby withdraws her contention that the Bureau failed to comply with the notice requirements of the [RETSL]." Appellant Br. at 8.

[2] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.603.

[3] Appellant did not include the Bureau's trial court exhibits in her Reproduced Record; thus, the Bureau elected to file a Supplemental Reproduced Record. However, the Bureau neglected to number the pages properly by following each page number with a small "b." *See* Pa.R.A.P. 2173 (directing that page numbers in a supplemental reproduced record shall be followed by a "b"). References herein to the Supplemental Reproduced Record are numbered as required by Pennsylvania Rule of Appellate Procedure 2173.

further related that CJD Group purchased the Property at the tax sale for the Bureau's full upset price of $14,419.00. *See* R.R. at 22a-23a; *see also* S.R.R. at 17b (Ex. R-10). Finally, Heinlein recounted that the Bureau filed a Petition to Confirm Tax Sale, which the trial court confirmed, and subsequently made absolute. *See* R.R. at 26a; *see also* S.R.R. at 27b-31b, 99b-101b (Exs. 13-15).

On April 28, 2023, the trial court denied the Petition. Appellant appealed from the trial court's order to this Court.[4] On June 6, 2023, the trial court directed Appellant to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). Appellant timely filed her Rule 1925(b) Statement. On August 30, 2023, the trial court filed its opinion pursuant to Rule 1925(a).

Appellant argues that the trial court erred by failing to find that the price for which the Property was sold was grossly inadequate in comparison to the actual sale price.

Here, the parties stipulated that "if [Gail S. Kerzner[5]] testified, he [sic] would testify to what's in the [Property's] appraisal, obviously without acknowledging that it's a valid or legitimate evaluation, but certainly [] that's what he [sic] would testify to." R.R. at 53a. The trial court accepted the Property's appraisal into evidence. *See* R.R. at 64a-85a (Ex. P-1). According to the "Appraisal of Real Property" conducted by "Gail S. Kerzner," the "Opinion of Value" is "[$]285,000[.00]." R.R. at 64a. Further, Appellant testified that she had taken out a home equity line of credit for $50,000.00, for which she still owes about

---

[4] This Court's review is limited to determining whether constitutional rights or local agency procedures were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. *See* Section 754(b) of the Local Agency Law, 2 Pa.C.S. § 754(b).

[5] Gail S. Kerzner is the certified residential re-appraiser that Appellant's counsel proffered would testify as to the value of the Property as of the date of the tax sale.

3

$29,000.00.  *See* R.R. at 52a.  The trial court accepted the home equity line of credit into evidence.[6]  *See* S.R.R. at 102b-119b (Ex. R-16).  The Bureau submitted the breakdown of the upset sale price totaling $14,419.00.[7]  *See* S.R.R. at 17b-19b (Ex. R-10).  CJD Group purchased the Property at the tax sale for the Bureau's full upset price of $14,419.00.[8]  *See* R.R. at 22a-23a; *see also* S.R.R. at 17b (Ex. R-10).

> Initially, "[g]enerally speaking, when a property owner is delinquent in paying taxes, an upset tax sale is conducted to recover the 'upset price,' which is the total sum of the taxes owed plus any tax liens and municipal claims[.]" *In re Adams Cnty. Tax Claim Bureau*, 200 A.3d 622, 623 n.1 (Pa. Cmwlth. 2018); *see also* Section 605 of the RETSL, 72 P.S. § 5860.605.  **Properties may be sold at an upset sale on bids equal to or greater than the upset price**. *See* 72 P.S. § 5860.605 ("No sale of property shall be made by the [B]ureau unless a bid equal to the upset price is made.").

---

[6] According to the record, Appellant entered into the "Home Equity Line of Credit Mortgage" on "October [16,] 2007."  S.R.R. at 102b.

[7] Section 605 of the RETSL provides, in relevant part:

> The [B]ureau shall fix as the upset price to be realized at the sale of any property upon a claim absolute, the sum of[:] (a) the tax liens of the Commonwealth[;] (b) the amount of the claim absolute and interest thereon on which the sale is being held[;] (c) the amount of any other tax claim or tax judgment due on such property and interest on the judgment to the date of sale[;] (d) the amount of all accrued taxes including taxes levied for the current year, whether or not returned, a record of which shall be furnished to the [B]ureau by tax collectors, receivers of taxes and taxing districts[;] (e) the amount of the municipal claims against the property[;] and (f) the record costs and costs of sale, including pro rata costs of the publication of notice and costs of mail and posted notices in connection with the return of the claim and mail and posted notices of sale.

72 P.S. § 5860.605.  The Bureau in this case complied with Section 605 of the RETSL.

[8] Pursuant to Section 605 of the RETSL, "[n]o sale of property shall be made by the [B]ureau unless a bid equal to the upset price is made."  72 P.S. § 5860.605.  The Bureau in this case complied with that portion of Section 605 of the RETSL.

4

*In re Upset Sale, Tax Claim Bureau of Tioga Cnty., Control No. 012488*, 305 A.3d 1118, 1126 (Pa. Cmwlth. 2023) (emphasis added; footnote omitted).

> Additionally, even were we to assume that simply reaching a property's approximate upset price does not necessarily prove the sufficiency of the price achieved in an upset sale, Pennsylvania courts have held that, in cases challenging tax sales on the basis of the adequacy of the sale price, **the mere alleged inadequacy of the sale price**, **standing alone**, **is not a sufficient basis upon which to set aside the sale**. While cases involving grossly inadequate sales prices typically involve sheriffs' sales in mortgage foreclosure actions, **the grossly inadequate price may** also **be examined** as a basis to set aside tax sales **where irregularities in the sale contribute to the grossly inadequate price**.

*Id*. at 1126-27 (emphasis added; citation and footnotes omitted).

In the instant case, Appellant did not allege any sale irregularities in her Petition, nor did she present any evidence thereof at the trial court hearing. Thus, assuming, *arguendo*, that the Property was sold for a grossly inadequate price, because there is no evidence to even suggest that there were irregularities in the tax sale that contributed to the grossly inadequate sales price, the trial court properly denied the Petition.[9]

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[9] *Cf. Allegheny Cnty. v. Golf Resort, Inc.*, 974 A.2d 1242 (Pa. Cmwlth. 2009) ("When we look at this case on its own facts, the evidence reflects irregularities in the sheriff's sale as well as a grossly inadequate sale price. . . . The trial court clearly abused its discretion in failing to find irregularities in the sheriff's sale." *Id*. at 1247-48. "Accordingly, . . . we must reverse and remand for the entry of an order setting aside the sheriff sale of [the p]roperty." *Id*. at 1248.).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gloria J. Gaynor,            :
          Appellant      :
                          :
          v.               :
                          :
Delaware County Tax Claim Bureau  :  No. 580 C.D. 2023
and CJD Group, LLC          :

## O R D E R

AND NOW, this 22nd day of January, 2025, the Delaware County Common Pleas Court's order dated April 28, 2023 (entered May 2, 2023) is affirmed.

_____

ANNE E. COVEY, Judge